1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD D. JACKSON,<br><br>                Petitioner,<br><br>      v.<br><br>WARDEN AT IRONWOOD<br>STATE PRISON,<br><br>              Respondent. | CASE NO. LA CV 15-06779-VBF (GJS)<br><br>ORDER<br><br>Dismissing For Lack of Jurisdiction the Prisoner's Motion to "Toll" the Statute of Limitations Governing His Contemplated 28 U.S.C. § 2254 Habeas Petition;<br><br>Directing the Entry of Separate Judgment; and<br><br>Denying a Certificate of Appealability |

Clifford D. Jackson, who is incarcerated at a California state prison, apparently wishes to challenge a California state-court conviction by seeking federal habeas relief pursuant to 28 U.S.C. § 2254.  Instead of filing a habeas corpus petition, Jackson filed a "motion" on September 2, 2015, seeking to "toll the 1-year statute of limitation pursuant to: Title 28, U.S.C. § 2244(d)(2)."  CM/ECF Document ("Doc") 1 ("Pet's Motion") at 1. Jackson explains the procedural posture of his state court case, namely, that he filed a petition for review with the California Supreme Court that he alleges was misdirected to the superior court, where it was treated as a state habeas petition. *See id.* at 1-2. **For the reasons that follow, the Court will dismiss Jackson's "tolling" motion for lack of jurisdiction because he has not established the existence of a concrete case or controversy within the meaning of Article III.  To the extent that a certificate of appealability ("COA") would be required for Jackson to appeal this Order, the Court will deny a COA.  As required by Fed. R. Civ. P. 58, judgment will be entered by separate document.**

LEGAL STANDARD: ARTICLE III, SECTION 2 "CASE OR CONTROVERSY"

**A federal court has the right and the obligation to examine its own subject-matter jurisdiction** ***sua sponte.*** *See Pozez v. Clean Energy Capital, LLC*, 593 F. App'x 631, 632 (9th Cir. 2015) ("Although neither party raised the issue . . . , it appears that subject matter jurisdiction is lacking, and this court is 'bound to consider jurisdictional defects *sua sponte*.") (citing *United States v. So. Pac. Transp. Co.*, 543 F.2d 676 (9th Cir. 1976) (citing *Mansfield C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 4 S. Ct. 510 (1884))).

With the exception of non-Article III courts, *see, e.g., Nunez v. CIR*, 599 F. App'x 629, 630 (9th Cir. 2015), **Article III of the U.S. Constitution "limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'"** *Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015) (quoting *Susan B. Anthony List v. Driehaus*, – U.S. –, –, 134 S. Ct. 2334, 2341 (2014)); *see also McCullough v. Graber*, 726 F.3d 1057, 1059 (9th Cir. 2013) ("A federal court lacks jurisdiction unless there is a 'case' or 'controversy' under Article III . . . .") (citing *Pub. Utils. Comm'n of State of Calif. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

**A justiciable case or controversy does not include any dispute of a hypothetical or abstract character.** *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S. Ct. 461 (1937) ("*Haworth*"). Rather, the case or controversy must be definite and concrete, that is, it must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character. *See Haworth*, 300 U.S. at 241. Since at least 1793, it has been established that federal courts do not sit to decide hypothetical issues or to give advisory opinions. *See Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S. Ct. 867 (1982); *Flast v. Cohen*, 392 U.S. 83, 96 n.14, 88 S. Ct. 1942 (1968) ("The rule against advisory opinions was established as early as 1793."); *see also Maldonado v. Holder*, 786 F.3d 1155, 1165 (9th Cir. 2015) (en banc) (Gould, J., dissenting o.g., joined by Clifton, Ikuta, and N.R. Smith, JJ.) ("The Supreme Court since the earliest days of our country has not clear that it is not the province of federal courts to give advisory opinions, even in matters of importance to society.") (citations omitted).

**As the party invoking federal jurisdiction, it is prisoner Jackson who bears the burden of establishing the existence of such a case or controversy.** *See Houston v. 7-Eleven, Inc.*, 2015 WL 1508423, *2 (M.D. Fla. Apr. 1, 2015) ("A party who invokes federal jurisdiction has the burden of establishing [that] he or she satisfied the 'case or controversy' requirement of Article III of the

2

1  Constitution."). Because "Article III of the Constitution restricts the power of federal courts to 'Cases' and

2  'Controversies,' "[f]ederal courts may not decide questions that cannot affect the rights of litigants in the

3  case before them or give opinion[s] advising what the law would be upon a hypothetical state of facts."

4  *Chafin v. Chafin*, – U.S. –, –, 133 S. Ct. 1017, 1023 (2013) (internal citations and quotation marks omitted).

5

6  **Jackson has not actually filed a habeas petition (exhausted or otherwise) which purports to**

7  **challenge his state-court conviction or sentence, so no concrete case or controversy exists for purposes**

8  **of Article III.**  *See Calderon v. Ashmus*, 523 U.S. 740, 746, 118 S. Ct. 1694, 1698 (1998) (the actual

9  "underlying 'controversy'" in a 28 U.S.C. § 2254 habeas action is "whether [petitioner] is entitled to federal

10  habeas relief setting aside his conviction or sentenced obtained in the California courts.").  So there is no

11  deadline which this Court could extend.  "Petitioner's Motion essentially asks the Court to determine in

12  advance whether his federal habeas petition will be time-barred if it is filed at some unspecified future date."

13  *Grissom v. Barnes*, 2013 WL 3053059, *2 (C.D. Cal. June 14, 2013) (Otero, J.); *see also Myrick v.*

14  *Secretary*, 2010 WL 144361, *1 (C.D. Cal. Jan. 6, 2010) (King, J.) ("Petitioner is, in effect, asking the Court

15  to decide, hypothetically and without the presence of any adverse party, whether a petition filed at a later

16  time would be time-barred under the statute of limitations, and to stay proceedings until that later time.").

17  The hypothetical nature of this suit becomes more evident because Jackson has not shown what claims he

18  would assert in a federal habeas petition and what authorities he might rely on, so the Court has no way to

19  screen a hypothetical petition or determine if Jackson has properly exhausted any federal constitutional

20  claims in state court.  The Court likewise has no way to determine whether any such federal habeas claim

21  would be untimely absent statutory and/or equitable tolling of the AEDPA statute of limitations.

22

23  **Accordingly, the Court must dismiss Jackson's extension / tolling motion for lack of subject-**

24  **matter jurisdiction caused by the lack of an Article III case or controversy.**  *Accord United States v.*

25  *Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011) (concluding that it would be "premature to consider the

26  merits of Hernandez's motion to equitably toll the one-year limitation period" of AEDPA because

27  Hernandez had not filed a federal habeas petition) (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir.

28  2000) (holding that a court lacks subject-matter jurisdiction to consider the timeliness of a section 2255

3

1   motion to vacate or modify sentence because the section 2255 motion has been filed because there is not yet
2   any case or controversy and any opinion would be merely advisory)); *Sweat v. Peery*, 2015 WL 4973156,
3   \*2 (N.D. Cal. Aug. 20, 2015) (Rogers, J.) (noting with approval District Judge Chesney's statement in prior
4   opinion that the district court lacked subject-matter jurisdiction over a prisoner's motion to extend the time
5   for filing a federal habeas petition when the prisoner had not yet filed such a habeas petition) (citing *Green*
6   *v. United States*, 260 F.3d 78, 82 (2d Cir. 2001)); *Morales v. Warden*, 2013 WL 1192343, \*2 (C.D. Cal. Mar.
7   22, 2013) (Carney, J.) ("Morales's letter requesting an extension of time to file a § 2254 petition does not
8   constitute a valid habeas petition or present a justiciable case or controversy because, among other things,
9   it does not raise any cognizable federal claims.") (citing *Warren v. Harrison*, 244 F. App'x 831, 832 (9th
10  Cir. 2007) (determining that state prisoner's motion for appointment of counsel and motion for extension
11  of time did not constitute habeas petitions for purposes of tolling AEDPA's limitations period)); *Smith v.*
12  *Warden*, 2008 WL 5103207, \*2 (C.D. Cal. Dec. 1, 2008) (Valerie Baker Fairbank, J.) (applying the holding
13  of *Woodford v. Garceau*, 538 U.S. 202, 206-207, 123 S. Ct. 1398 (2003) that "no § 2254 petition is pending
14  – at least for *Lindh* [*v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059 (1997)] purposes – until it is filed, and that
15  a pre-petition stay application or motion to appoint counsel will not suffice").[1]

16

17                                              **ORDER**

18          Jackson's motion to "toll" the AEDPA statute of limitations **[Doc # 1] is DISMISSED for lack of**
19  **jurisdiction** due to the absence of a constitutional case or controversy.

20          This action is **DISMISSED without prejudice.**

21

22          Judgment will be entered accordingly.

23          As required by Fed. R. Civ. P. 58(a), the judgment will be entered by separate document.

24

25  _____

26          [1]*Cf. United States v. Miguel Burgos*, Case No. LA CR 07-00949-VBF-2 Doc. 61 (C.D. Cal. Apr. 21,
    2015) (Fairbank, J.) (where prisoner filed motion for appointment of counsel to help him prepare an 18
    U.S.C. section 3582 motion to reduce sentence, the Court dismissed the motion "for lack of subject-matter
27  jurisdiction due to the absence of a constitutional case or controversy" because prisoner had not yet filed any
    motion to reduce sentence); *United States v. Juan Carlos Guerrero Monson*, No. LA CR 07-01441-VBF-2
28  Doc. 167 (C.D. Cal. Apr. 21, 2015) (Fairbank, J.) (same).

                                                4

1    The Court **DECLINES** to issue a certificate of appealability.  Jackson may still seek a certificate of
2    appealability from the United States Court of Appeals for the Ninth Circuit.
3    **IT IS SO ORDERED.**
4
5    DATED:        September 16, 2015
6
7                                                                    _____
8                                                                            VALERIE BAKER FAIRBANK
                                                                         Senior United States District Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28